IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA,  |  CR 11-31-M-DWM-TJC |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| CURTIS CHESTER SMITH, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 45.)

On July 29, 2025, the Court conducted the final revocation hearing. Defendant partially admitted Violation No. 1 and fully admitted Violation No. 3. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to 5 months imprisonment, followed by 115 months of supervised release.

I.     **Background**

In 2011, Defendant pled guilty to three counts of distribution of child pornography. (Doc. 21.) On January 6, 2012, the Court sentenced him to 150 months imprisonment, to be followed by 120 months supervised release. (Doc. 32.)

1

Defendant began serving his term of supervised release on March 8, 2022.

On April 30, 2025, the United States Probation Office filed the petition now at issue. (Doc. 40.) The petition alleges that Defendant violated three conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 41.) Defendant was arrested, and made an initial appearance on May 2, 2025. (Doc. 42.) Thereafter, the Final Revocation Hearing was continued twice at the request of Defendant. (Docs. 51, 53.)

## II.    **Final Revocation Hearing**

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted to the conduct alleged in the first sentence of Violation No. 1 and fully admitted Violation No. 3. Counsel for the United States moved to dismiss the remainder of Violation No.1 and Violation No. 2.

The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months

incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Defendant could be sentenced to 60 months to life of supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 6 months incarceration and Defendant's counsel requested a sentence of time served.

## III.  Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 5 months imprisonment, followed by 115 months supervised release. No circumstances warrant a departure from the guideline range.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release. With respect to the nature and circumstances of the violations, the current violations involve inappropriate use of a cell phone to view sexually explicit content, and Defendant's termination from sex offender treatment due to violation of program rules that impact community safety. While this is the first revocation of Defendant's supervised release, the violations are very similar to other conduct that has occurred during his supervision.

For instance, in April 2023, a Report of Offender Under Supervision was filed concerning Defendant's use of a smartphone to view sexually explicit conduct. Then again in January 2025, a Report of Offender Under Supervision was filed for the same conduct. Thus, although the current violations do not appear extremely serious when viewed in isolation, they are part of the same course of conduct that has been ongoing during Defendant's supervision, and particularly when Defendant has access to a smart phone.

With regard to the history and characteristics of Defendant, he has no criminal history other than the underlying offense here. Since his release from custody, Defendant was able to secure employment and housing. He has since had medical issues, including an above-the-knee amputation, which has limited his employability. Nevertheless, Defendant has maintained a stable residence, and other than the conduct which led to the underlying offense and to these violations, he does not appear to be a danger to the community.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant was not subject to revocation for his prior violations, but rather was allowed to continue on supervised release with increased supervision. That was not sufficient to afford deterrence. Hopefully, a term of 5 months incarceration will provide deterrence for future violations and protect the public from further crimes.

The undersigned has also considered the need for future educational and correctional treatment. Defendant continues to require sex offender treatment. He has done well at times while undergoing treatment, but his compliance has deteriorated when given access to a smart phone. It is, therefore, recommended that Defendant be placed back in treatment to hopefully gain more stable, long-term compliance with the conditions of his supervised release.

Considering all of these factors, the Court concludes a sentence of 5 months custody, followed by 115 months supervised release is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

### IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.    Defendant violated the condition of supervised release that he not knowingly acquire, possess, or view any materials depicting sexually explicit conduct, as alleged in the first sentence of Violation No. 1.

2. Defendant violated the condition of supervised release that he must enter and successfully complete a sex offender treatment program, as alleged in Violation No. 3.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 5 months imprisonment, followed by a term of 115 months supervised release.

2. The Court should dismiss the remaining allegations in Violation No. 1 and Violation No. 2.

3. The Court should impose the following special conditions of supervised release:

> a. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18; go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.
>
> b. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data

from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

c.	You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

d.	You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

e.	All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

f.	You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

g.     You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring.  You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions.  You must pay part or all of the costs of these examinations as directed by the probation officer.

h.     You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider.  This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5).  You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider.  You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or online chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

i.     You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer.  You are to remain in that program until released by the probation officer in consultation with the treatment provider.  You must pay part or all of the costs of this treatment as directed by the probation officer.

j.     You must refrain from excessive use of alcohol.  Excessive use of alcohol is defined by this Court as .06 BAC or above.

k.     You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

l.     You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the

purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 29th day of July, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge